# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO CESAR P.G.,[1]<br>(A Number: 209-862-370)<br><br><br>Petitioner,<br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY et al.,<br><br>Respondents. | Case No.  1:26-cv-2251-KES-EGC (HC)<br><br>**ORDER DENYING PETITIONER'S MOTION TO APPOINT COUNSEL**<br><br>**FINDINGS AND RECOMMENDATION THAT PETITIONER'S PETITION BE GRANTED**<br><br>(Docs. 1, 3)<br><br><u>TEN (10) DAY DEADLINE</u> |

Julio Cesar P.G. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).

Petitioner is a native and citizen of Mexico, who, in 2017, entered the United States, seeking asylum (Doc. 1 at 5).  At this time, Petitioner was released and enrolled in the Alternatives to Detention program and given a Notice to Appear.  (Doc. 10-1 at 3).  On January 17, 2026, Immigration and Customs Enforcement ("ICE") arrested Petitioner upon his presentation to the ICE Enforcement and Removal Operations office in Fresno.  (Doc. 10-1 at 2).

The Court has previously addressed the legal issues raised by the petition.  *See*, *e.g.*, *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).

On March 25, 2026, the Court ordered Respondents to show cause as to whether there are

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only their first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

any factual or legal issues in this case that would justify denying the petition. (Doc. 7). On April 23, 2026, Respondents filed a response in which they acknowledge prior decisions contrary to their argument, but nonetheless state, "Respondents don't find features of this case that would distinguish the holdings that noncitizens, such as Petitioner, are detained, if at all, under section 1226(a) and entitled to hearings." (Doc. 10 at 3). As such, Respondents merely disagree with the Court's statutory interpretation in those cases.

In line with the Court's previous cases, the undersigned finds that Petitioner is detained pursuant to section 1226(a), that the government's previous release of Petitioner on bond created a strong liberty interest in remaining free of detention, and that Respondents' deprivation of Petitioner's liberty interest without notice and opportunity to challenge the reasons for detention violated his due process rights.

Respondents contend that Petitioner's 2021 conviction for domestic battery and failures to follow the terms of release justify re-detention without a pre-deprivation hearing. (Doc. 10 at 3).

The undersigned starts with Respondent's argument regarding Petitioner's criminal history. In support of this argument, Respondents have submitted Petitioner's criminal rap sheet reflecting a 2021 conviction for violating a protective order. (Doc. 10-1 at 9–13). While the Court takes notice of Petitioner's 2021 conviction, the Court also takes notice of the fact that—at the time of Petitioner's 2021 conviction—Petitioner was under an order of supervision and the government did not revoke Petitioner's release at that time. On this record, the undersigned cannot find that detaining Petitioner in January 2026 was motivated by the 2021 conviction and therefore cannot find that the recent revocation of Petitioner's release was "not obviously pretextual." *Cf. M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446, at *12 (E.D. Cal. Nov. 24, 2025) (quoting *Martinez Hernandez v. Andrews*, No. 1:25-CV-01035 JLT HBK, 2025 WL 2495767 (E.D. Cal. Aug. 28, 2025)).

Respondents next contend that Petitioner violated terms of the "Alternatives to Detention" monitoring program in which they were enrolled, because of two missed biometric check ins, five failures to send location, and three "missed self-report check-ins" in the several years before his re-detention. (Doc. 10 at 3; Doc. 10-1 at 10). Yet, the undersigned observes that after the alleged

violations, Petitioner reported for at least one scheduled check-in at an ICE office. (*See* Doc. 12 at 2–3). While the alleged violations might be relevant to a neutral decisionmaker's determination as to whether Petitioner is entitled to bond, they do not eliminate Petitioner's due process right to a such determination before his detention. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025).

Despite Respondent's contention that it would have been "impracticable to schedule a pre-deprivation hearing for Petitioner," (Doc.  10 at 3), courts typically require evidence of urgent concerns or an especially strong government interest to justify a post-deprivation, rather than a pre-deprivation, hearing. *See Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1036 (N.D. Cal. 2025); *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 53, 59–61 (1993) ("We tolerate some exceptions to the general rule requiring pre-deprivation notice and hearing, but only in extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event" such as "executive urgency." (internal quotations omitted)). Respondents do not identify any urgent concerns that would make constitutionally-adequate a post-deprivation, rather than pre-deprivation, hearing in this case. Moreover, there was no indication that Petitioner was provided with any notice, reason for their re-detention, or opportunity to respond at *the time of his arrest*.

Finally, while Respondents represent that Petitioner was scheduled to receive a bond hearing on April 22, 2026, (Doc. 10 at 2), the record contains no evidence that such a bond hearing occurred. Moreover, in considering the proper remedy on Petitioner's due process claim, the undersigned finds that "a post-detention bond hearing is insufficient to cure a violation of procedural due process arising from detention without a pre-deprivation hearing." *Nurlan Gudavasov v. David Marin*, No. 5:26-CV-00541-AH-(MBK), 2026 WL 712827, at *3 (C.D. Cal. Mar. 9, 2026) (collecting cases); *see also Anderson v. Chernut*, No. 1:26-CV-01960-DAD-CKD, 2026 WL 809990, at *3 (E.D. Cal. Mar. 24, 2026) ("Respondents argue that petitioner has received all the process due to her because she received a post-deprivation bond hearing. . . . The court disagrees."); *Mumaev v. Semaia*, No. 5:25-CV-03409-FLA (MAR), 2026 WL 530765, at *6 (C.D. Cal. Feb. 20, 2026) (ordering petitioner's release from custody where the government failed to

provide a pre-deprivation hearing, notwithstanding an immigration judge's subsequent determination that petitioner posed a flight risk); *Domingo v. Kaiser*, No. 25-cv-05893, 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner-Plaintiff received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion: that is, his potentially erroneous detention."); *Hasratyan v. Bondi*, No. 5:26-CV-00210-MCS-ADS, 2026 WL 288909, at *4 (C.D. Cal. Feb. 2, 2026) (concluding that where a petitioner received a procedurally deficient post-detention bond hearing, "the post-detention process Petitioner received and will receive is no substitute for the pre-detention process she was owed"); *Pinchi v. Noem*, 792 F. Supp. 3d 1025 (N.D. Cal. 2025); *Riveros-Sanchez v. City of Easton*, 861 F. App'x 819, 822 (3d Cir. 2021) ("[I]f a pre-deprivation hearing was required, then no amount of post deprivation process could cure the ... initial failure to provide a hearing."). The undersigned therefore finds that any post-deprivation bond hearing would not cure Respondents' failure to provide Petitioner with notice and the opportunity to be heard *before* revoking release.

As Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions noted above, the undersigned will recommend granting the petition for writ of habeas corpus for the reasons stated in those prior orders.

**ORDER**

On March 23, 2026, Petitioner requested the appointment of counsel. (Doc. 3). Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." *See* Rule 8(c), Rules Governing Section 2254 Cases. Insofar as the undersigned is recommending the petition be granted on the papers, the undersigned does not find that the interests of justice require appointment of counsel at the present time.

**RECOMMENDATION**

Accordingly, the undersigned hereby RECOMMENDS that the petition for habeas corpus, (Doc. 1), be GRANTED and that Respondents be ORDERED to release Petitioner immediately and that Respondent be ENJOINED AND RESTRAINED from re-detaining Petitioner unless they

4

demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that their physical custody is legally justified.  The undersigned further recommends that an exception be made to the injunction in the event an order of removal becomes final.

These Findings and Recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten (10) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties.  *Id*.  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **July 10, 2026**                    _____
                                             UNITED STATES MAGISTRATE JUDGE